## Case No. 3,654.

### DAVIS v. STITZER.

[7 Reporter, 484;[1] 19 N. B. R. 61; 36 Leg. Int.
176; 26 Pittsb. Leg. J. 115.]

Circuit Court, W. D. Pennsylvania.   Feb. 21,
1879.

BANKRUPTCY LIEN—CONVERSION—LIMITATION.

Where an order of court is made directing
the sale of realty discharged of liens, a conver-
sion will be regarded as having been made at
the time of the order, and therefore whatever
was a lien on the realty on the day on which
the order was made will be entitled to share in
the proceeds of the realty whenever sold, and
will not be barred from coming on the fund
by the fact that between the order and the sale,
the lien, as to realty, has expired by limitation.

Bill of review.

The question in this case was as to the va-
lidity of a lien for five thousand dollars on
bankrupt's real estate.  The facts in the case
are as follows: Henry M. Stitzer was adjudi-
cated a bankrupt on the 6th of April, 1876.
A few weeks previous to his adjudication an
execution was issued on a certain judgment,
entered of record October 31, 1871, in favor
of William Kightlinger, to amount of five
thousand dollars, and levy made. The prop-
erty of Stitzer was advertised for sale April
7. 1876, by the sheriff of Crawford county.
Stitzer having been declared a bankrupt, an
injunction was granted restraining the sher-
iff from selling the property. The assignee of
the bankrupt then sold the property Novem-
ber 1, 1876, and in the distribution of the funds
Kightlinger was not allowed to participate, on
the ground that at the time of (or day before)
the sale of the property of bankrupt the lien
had expired by limitation, and the property
was sold divested of it, and steps should have
been taken for revival of judgment before as-
signee's sale. The matter was argued before
the district court, and the decision rendered
that the Kightlinger judgment could not par-
ticipate in the distribution of the proceeds of
the sale. [The case was taken to the circuit
court on a bill of review. and there decided
that the judgment of Kightlinger was a lien.][2]

Thos. M. McFarland, for complainant.
Geo. A. Davenport. for respondent.

McKENNAN, Circuit Judge. In this case
the judgment, which was excluded from the
distribution of the bankrupt's estate, was a
lien upon the bankrupt's real estate at the
date of the filing of the petition in bank-
ruptcy. An order was made by the court, re-
straining the judgment creditor from proceed-
ing in any manner upon his judgment which
is unrevoked. On the 5th of September, 1876,
when the judgment was an unquestionable
lien upon the bankrupt's real estate. the
court ordered the sale of this real estate by
the assignee discharged of liens. This was
in effect a conversion of the real estate into

money, a substitution of the fund for the
land, as the only security to which the lien
creditors could look for the payment of their
debts. And, under all these circumstances, I
am of opinion that, in contemplation of law
and to effectuate justice, the conversion of
the land, and the substitution of the fund
arising from its sale, are to be taken as hav-
ing been effected when this order was made,
and that the rights of the claimants to the
fund are to be determined with reference to
the circumstances existing at the date of such
order. At that time the judgment of Kight-
linger was a lien upon the bankrupt's real
estate, and retained its priority upon the sub-
stituted security, and ought to have been al-
lowed its proper portion of the fund for dis-
tribution. The order of the district court is,
therefore, reversed, and the matter is remand-
ed to that court, with directions to make dis-
tribution of the proceeds of the sale of the
bankrupt's real estate upon the basis of the
rights of the lien creditors to participate
therein as of the date of September 5, 1876,
when the order of sale was made.